IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY TODD SULLIVAN, ) | |
| ) | |
| PLAINTIFF, ) | No. 3:14-cv-00766 |
| ) | Judge Sharp/Bryant |
| v. ) | |
| ) | |
| JOHNNY HANNAH, ) | |
| ) | |
| DEFENDANT. ) | |

To: The Honorable Chief Judge Kevin H. Sharp, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss and Memorandum of Law in Support. (Docket Entry 14 and 15). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983. The Magistrate Judge also **RECOMMENDS** that this dismissal count as a **STRIKE** under 28 U.S.C. § 1915(g); that this be considered the final judgment in this case; and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. Statement of the Case

Plaintiff, proceeding *pro se* and *in forma pauperis*, is now an inmate at Northwest Correctional Complex in Tiptonville, TN and at all times relevant to the Complaint was an inmate at the Cheatham County Jail (CCJ) in Ashland City, TN. (Docket Entry 1, p. 2; Docket Entry 19). On March 18, 2014, Plaintiff filed his Complaint against Defendant, the Jail Administrator for CCJ, alleging violation of civil rights under 42 U.S.C. § 1983. (Docket Entry 1). On March 25, 2014, the District Judge referred this case to the Magistrate Judge. (Docket

Entry 3). On April 22, 2014, Defendant filed a Motion to Dismiss and Memorandum in Support. (Docket Entry 14 and 15). On May 01, 2014, Plaintiff filed a Response in Opposition. (Docket Entry 18). Plaintiff has notified the Court of a change of address. (Docket Entry 19 and 20). Therefore, the matter is properly before the Court.

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure (FED. R. CIV. P.) 12(b)(6) governs motions to dismiss for failure to state a claim. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Instead, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atl. Corp.*, 550 U.S. at 556. A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555-56. Of course, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, the pleading standard in FED. R. CIV. P. 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft,* 556 U.S. at 678-79.

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S.

519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005) (citation omitted) (unpublished opinion).

## B. Official Capacity Claims Under 42 U.S.C. § 1983

Plaintiff seeks an injunction, monetary damages, and declaratory judgment. (Docket Entry 1, p. 5). He alleges violations of his First, Eighth, and Fourteenth Amendment rights. (Docket Entry 1, pp. 4-5). Plaintiff files his Complaint against Defendant in his official capacity. (Docket Entry 1, p. 4). Defendant moves to dismiss the Complaint on the grounds that Plaintiff fails to allege the necessary elements of his claim. (Docket Entry 15).

Generally, a plaintiff who brings a § 1983 claim "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citation omitted). When a plaintiff brings a § 1983 claim against a defendant in his official capacity, this is "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo,* 502 U.S. 21, 25 (1991)(citation and internal quotation omitted). When the claim is against an officer of a municipality, the law is clear that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694.

To be clear, "municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983 . . . . [A] municipality can be sued under § 1983, but it cannot be held

liable unless a municipal policy or custom caused the constitutional injury." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 166 (1993). Moreover, the "policy or custom" requirement applies when a plaintiff seeks monetary damages or "prospective relief, such as an injunction or a declaratory judgment." *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 449 (2010).

Here, Defendant is a Jail Administrator for CCJ. (Docket Entry 1, p. 1; Docket Entry 14, p. 1). As such, Defendant is an agent of Cheatham County. Again, Plaintiff brings this action against Defendant in his official capacity only. (Docket Entry 1, p. 4). Even construing the Complaint liberally, and as explained below, the Magistrate Judge finds that Plaintiff fails to plead facts regarding a policy or a custom of Cheatham County.

First, Plaintiff alleges that Defendant denied him access to religious and legal reading materials and states that "SGT Zack Arron said they were not allowed at least 25 times." (Docket Entry 1, p. 5). Plaintiff also asserts that the reading materials were not a security threat. (Docket Entry 1, p. 5; Docket Entry 18, p. 3). However, Mr. Arron is not a named defendant and Plaintiff alleges no facts as to how Mr. Arron's actions, although repetitive, constitute a policy or custom of Cheatham County. Plaintiff offers no facts regarding a Cheatham County policy or custom of denying prisoners access to reading materials. Moreover, Plaintiff's assertion that certain reading materials are not a security threat is conclusory.

Plaintiff also alleges that Defendant discriminated against him by not giving him a work assignment and states that "[o]ther inmates get jobs with [the] same charges as me . . . ." (Docket Entry 1, p. 5). Yet, Plaintiff offers no facts regarding a Cheatham County policy or custom of discrimination. Instead, Plaintiff concedes that he was at CCJ previously for the same charge and did have a work assignment. (Docket Entry 1, p. 5).

Plaintiff also alleges confinement "in a room with black mold on [the] walls and overley [sic] ristrictive [sic] conditions." (Docket Entry 1, p. 5). He states that "[s]upervisors have seen mold and said, 'oh well.' " (Docket Entry 1, p. 5). In Plaintiff's Response, he asserts that black mold is "a health risk to the public." (Docket Entry 18, p. 4). In *McIntyre v. Phillips*, the Western District of Michigan examined *Helling v. McKinney* and the "standard for evaluating a claim [of] inhumane conditions of confinement" set forth therein. *McIntyre v. Phillips,* No. CIV.A. 1:07-CV-527, 2007 WL 2986470, at *2 (W.D. Mich. Sept. 10, 2007)(citing *Helling v. McKinney,* 509 U.S. 25 (1993)). The Court applied that standard to a prisoner's claim of black mold exposure and stated that the plaintiff was required to show "whether . . . [he] endured unreasonably high exposure to black mold that society would consider violative of contemporary standards of decency . . . [and] whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to black mold." *McIntyre,* No. CIV.A. 1:07-CV-527, 2007 WL 2986470, at *2 (citation omitted). Here, Plaintiff does not state the extent of his exposure to the mold. Moreover, Plaintiff does not plead that Defendant exposed him to the mold during an execution of a Cheatham County policy or custom. Finally, to the extent that Plaintiff pleads that prison supervisors, and therefore Defendant, was indifferent by stating, "oh well," the Magistrate Judge cannot find that this rises to the level of deliberate indifference.[1]

Finally, Plaintiff alleges that he does not have access to a law library and that he has been denied a copy of his grievance paperwork. (Docket Entry 1, p. 5). To state a claim regarding access to the courts, Plaintiff "must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield,* 92 F.3d 413,

---

1 *Farmer v. Brennan,* 511 U.S. 825, 836 (1994)("[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.").

416 (6th Cir. 1996)(citation omitted). Here, Plaintiff pleads that he has "[n]ever seen a law book or law library or access to one, cannot defend myself" and that Defendant, "[w]ill not give grevience [sic] copy. Have asked may times." (Docket Entry 1, p. 5). Accordingly, the Magistrate Judge finds that Plaintiff fails to plead any injury and fails to plead that there is a policy or custom of denying prisoners access to the law library or legal paperwork.

### III.     Conclusion

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendant's Motion be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983. The Magistrate Judge also **RECOMMENDS** that this dismissal count as a **STRIKE** under 28 U.S.C. § 1915(g); that this be considered the final judgment in this case; and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 11th day of February, 2015

        s/John S. Bryant_____
        John S. Bryant
        U.S. Magistrate Judge