UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JEFFREY TODD SULLIVAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 3:14-cv-00766 |
| v. | ) | Judge Sharp |
| | ) | |
| **JOHNNY HANNAH,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jeffrey Todd Sullivan, an inmate currently housed at Northwest Correctional Complex in Tiptonville, Tennessee proceeding *pro se*, has filed this action for civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is based upon events that occurred when he was housed at the Cheatham County Jail (CCJ) in Ashland City, Tennessee. He alleges that Defendant Johnny Hannah, in his official capacity as the Jail Administrator for CCJ, violated Plaintiff's First, Eighth, and Fourteenth Amendment rights by performing the following actions against Plaintiff:

1. Denying him access to reading materials;

2. Discriminating against him by refusing to give him a job;

3. Housing him in a room containing black mold; and

4. Denying him access to law books and copies of his previously filed grievances.

Magistrate Judge Bryant has issued a Report and Recommendation ("R&R") (Docket No. 21) in which he recommends that Defendant's Motion to Dismiss (Docket No. 14) be

1

granted. Despite being advised that any objection needed to be filed within fourteen days, Plaintiff has filed none.

In accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court conducted a *de novo* review. Regarding the first and second allegations, a review of Plaintiff's complaint reveals that he is suing Defendant in his official capacity as an agent of Cheatham County; therefore, he must plead facts sufficient to show that a policy or custom of Cheatham County caused his injury. See Turner v. City of Taylor, 412 F.3d 629, 639 (6th Cir.2005) (finding that claims against municipalities under 42 U.S.C. § 1983 must identify a policy or custom of the municipality, connect the policy to the governmental entity, and show that his injury was incurred because of the execution of that policy). The Court agrees with the Magistrate Judge's conclusion that Plaintiff offers no facts related to either "[a] Cheatham County policy or custom of denying prisoners access to reading materials," or a Cheatham County "policy or custom of discrimination," and, as a result, the claims should be dismissed. (Docket No. 21 at p. 4).

Regarding the third allegation, the Court agrees with the Magistrate Judge's determination that it does not state facts sufficient to plead the objective element of a claim for inhumane conditions of confinement, which requires a showing that the prisoner endured unreasonably high exposure to black mold. See McIntyre v. Phillips 2007 WL 2986470, at *2-3 (W.D. Mich. Sept. 10, 2007) (citing Helling v. McKinney, 509 U.S. 25 (1993)).

Finally, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's fourth allegation should be dismissed. Plaintiff's complaint reveals a failure to allege that Defendant's actions in denying him access to law books and copies of his grievances caused an actual injury. See Kennedy v. Bonevelle, 413 F.App'x 836, 838-39 (6th Cir. 2011) (citing Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a prisoner must plead and prove

prejudice stemming from the asserted violation in order to prevail on an 'access to the courts' claim.) Furthermore, the Court agrees that Plaintiff's fourth allegation fails because it does not plead a Cheatham County "policy or custom of denying prisoners access to the law library or legal paperwork." (Docket No. 21 p. 6).

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 21) is hereby ACCEPTED and APPROVED;

(2) Defendants' Motion to Dismiss (Docket No. 14) is hereby GRANTED;

(3) This case is hereby DISMISSED WITH PREJUDICE;

(4) Dismissal of this action is a STRIKE under 28 U.S.C. § 1915(g); and

(5) Any appeal to this order would NOT be taken in good faith under 28 U.S.C. § 1915(a)(3).

The Clerk of the Court shall enter Final Judgment in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE